CITY OF WORCESTER *vs.* BENJAMIN WALKER.

Marshals appointed under a city ordinance which directs that they shall also be appointed constables, and that marshals shall pay over to the city the fees received by them in criminal cases or in the service of the city, and shall have salaries in full for all their services, are liable for such fees received by them as constables.

A city ordinance giving police officers a fixed salary, and requiring them to pay over to the city the fees received by them as witnesses, or as penalties in criminal cases, or for service of any criminal process, or for any services in behalf of the city, is not contrary to public policy.

ACTION OF CONTRACT for fees received by the defendant while assistant marshal and constable of the city of Worcester. The case was submitted to the decision of the court upon these facts :

The mayor and aldermen of Worcester, by the city charter, have " full and exclusive power to appoint constables, and a city marshal and assistants, with the powers and duties of constables, and all other police officers." *St.* 1848, *c.* 32, § 8.

In 1854 the city government passed an ordinance containing the following provisions : " SECT. 1. The mayor and aldermen shall annually, as soon after the organization of the city government as may be convenient, and whenever any vacancy occurs, appoint a city marshal and assistant marshal or marshals; and they shall severally be appointed constables of the city, and take the oath and give bonds according to law, and shall continue in office until their successors are qualified." " SECT. 5. The assistant marshals, upon receiving any fees as witnesses, or penalties in any criminal case, or for service of any criminal process, or for any services in behalf of the city, shall forthwith pay over the same to the marshal. The marshal shall keep an account of all moneys thus received from his assistants, and shall pay over the same, when received, together with his own fees as witness in any criminal case, or for service of any criminal process, and all moneys received in behalf of the city, to the city treasury." " SECT. 7. The marshal shall be paid the sum of one thousand dollars per annum in full for all his ser-.

vices; the assistant marshals shall be paid the sum of seven hundred dollars each per annum in full for all their services; said salaries to be paid in quarterly payments, but only to such assistant marshals as shall have paid over the fees required of them by section five."

The defendants were appointed assistant marshals and at the same time constables, and gave the bonds required by law of constables, and entered upon and discharged the duties and received the salaries of both offices during the year 1855.

The processes, to recover fees for the service of which the present action is brought, were made in course of the general police business of the city, in behalf of the Commonwealth, under the direction of the marshal, and were in most instances committed to the defendant for service by the marshal; but the returns upon them were made by the defendant as constable, and he claims to have received them as such. All witness fees received by the defendant while attending the police court as a witness, have been paid over to the city. The witness fees unpaid are only such as have been received as a witness in the court of common pleas.

*C. Devens, Jr.* (*G. F. Hoar* with him,) for the plaintiffs.

*P. E. Aldrich,* for the defendant.

Bigelow, J.[*] By virtue of the charter of the city of Worcester, *St.* 1848, *c.* 32, § 8, and the ordinance of the city of 1854, the marshal and his assistants were *ex officio* constables. It was the persons appointed to and holding both offices — the office of constable being incidental to that of marshal or assistant marshal — who were required by section fifth of the ordinance to pay into the city treasury the fees received by them for service of criminal processes. The words " assistant marshals " in this section are used as *designatio personarum.* The manifest purpose of the provision was to require that they should pay over, not only the fees which they should receive when acting strictly as marshals, but also those which the persons thus designated should receive for service of criminal processes, with-

---

[*] Thomas, J. did not sit in this case.

out reference to the capacity, whether as marshal or constable, in which they should be received. No other construction is consistent with the explicit provision of the ordinance that their salaries shall be in full for all their services. The powers and duties of assistant marshals in executing criminal process are nearly identical with those of constables, and these powers and duties comprehend a large part of the services required of those holding the office of city marshal. If the construction for which the defendant contends should be adopted, it would follow that it would be wholly optional with the officers whether they should receive any fees for serving criminal processes as marshals. By electing to act and make their returns as constables instead of as marshals, they might in all cases of the service of criminal process receive the fees to their own use, and thus obtain a compensation which was clearly intended to be included in their salaries. Such is not the true interpretation of the language of the ordinance, nor could it have been so understood by the defendant when he accepted office under it.

We can see nothing in the provision of the ordinance, requiring fees received by the marshal and his assistants to be paid into the city treasury, which in any degree contravenes public policy. On the contrary, it is well calculated to aid and support it. By giving a fixed salary to these officers who are intrusted with important duties, all temptation to multiply prosecutions for the sake of obtaining fees and all motives for extortion and oppression are taken away, and greater fidelity is likely to be secured by a fixed and reasonable compensation than by an uncertain and fluctuating one. Nor is there anything in this provision, to bring it within the principle of the common law which renders void all contracts made for the sale of public offices. There is no corrupt agreement here between individuals by which money is to be paid for obtaining a public office or influencing the appointing power, nor is there any contract for the payment of money to benefit the persons making the appointment. There is nothing which tends to divert attention from the real merits of those applying for office, or which can lead to any improper influences in making the ap-

pointment or performing the duties of the office. It is like the ordinary case of a salary established for a public officer, for whose services certain fees are fixed by law, but who is obliged to account therefor to the public treasury.

*Judgment for the plaintiff.*